140 So. 1

BANTA, Jr., et al. v. BAIST LUMBER & SHINGLE CO., Inc.

No. 30946.

Feb. 1, 1932.

Rehearing Denied Feb. 29, 1932.

John C. Hollingsworth and Samuel J. Tennant, Jr., both of New Orleans, for appellants.

Schwing & Obier, of Plaquemine, for appellee.

O'NIELL, C. J.

The plaintiffs have appealed from a judgment rejecting their demand for damages for the destruction of the residence and furniture of George A. Banta, one of the plaintiffs, by a fire, alleged to have been set out by sparks from the smokestack of the defendant's sawmill. The other plaintiff and appellant is the Virginia Fire & Marine Insurance Company, insurer of the building. The charge of negligence is that the defendant's smokestack was not equipped with an efficient spark arrester. The fire that destroyed the Banta residence spread to and destroyed the residence of a neighbor, Toby Orillion; and the Scottish Union & National Insurance Company, insurer of that building, also sued the Baist Lumber & Shingle Company for damages, for the same cause of action. The suits were consolidated for the purpose of the trial. The district court found that there was not sufficient evidence that the fire was caused by sparks from the defendant's smokestack, and decided against the plaintiffs in both cases. The amount sued for by the Scottish Union & National Insurance Company being less than $2,000, the company appealed to the Court of Appeal, and that court concurred in the finding of the district judge that the plaintiff had failed to prove that the fire was caused by sparks from the defendant's smokestack. The Court of Appeal therefore affirmed the judgment. Scottish Union & National Insurance Co. v. Baist Lumber & Shingle Co., 16 La. App. 698, 132 So. 774.

The evidence in the case before us is the evidence on which the Court of Appeal concurred in the finding of the district judge that the plaintiffs failed to prove by a preponderance of the evidence that the fire was caused by sparks from the defendant's smokestack. Having read the testimony, we agree with the other courts that the plaintiffs have failed to prove their case. The defendant's spark arrester was constructed under the inspection and with the approval of the engineer and inspector for the Louisiana Fire Insurance Bureau, and was not much more than a year old, and in good condition, at the time of the fire. There is some testimony to the effect that on other occasions live sparks, large enough to set fire to a house, were emitted from the smokestack and blown further than the distance of Banta's house from the smokestack; but the inference arising from that testimony is overcome by the fact that the sawmill operations had been shut down and the forced draft under the boilers had been stopped nearly three hours before the fire was discovered, and by the preponderance of the evidence that the fire originated inside of Banta's house. In that connection the testimony given by James Wilson Banta, a brother of the plaintiff, is very important. The plaintiff and his family were attending a picture show five miles from their home, which was vacant when the fire occurred. James Wilson Banta was on a boat at the bayou bank, 120 or 150 feet from his brother's house. He went to the house for a piece of soap, preparing to take a bath, and walked along the back porch, from end to end, and saw no fire in or on the house. Thirty minutes afterwards, another brother, Albert Banta, ran to the boat and reported the fire. James Wilson Banta testified that the fire had then gained such headway that it was impossible to remove any of the furniture; and Albert Banta testified: "I arrived when the kitchen was in full blast."

We find the evidence with regard to the origin of the fire too doubtful to justify a reversal of the decision.

The judgment is affirmed.